UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, *et al.*

Defendants.

No. 1:26-cv-06291-EPG

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE

(ECF No. 1)

RESPONSE DUE WITHIN FOURTEEN DAYS

## I. INTRODUCTION

Plaintiff Patrick A. Cannavan is a state prisoner (prisoner # BN-5236) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on August 10, 2026. (*Id.*). Plaintiff's complaint puts forth a variety of allegations all stemming from a July 16, 2026 incident and retaliatory disciplinary hearings. (*See id.*).

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are duplicative of an earlier lawsuit filed on July 20, 2026, *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I*"). Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint commencing this action on August 10, 2026. (ECF No. 1). In his complaint, Plaintiff names four defendants: (1) Governor Gavin Newsom; (2) C. Frazier, captain at Substance Abuse Treatment Facility ("SATF") in Corcoran, California; (3) T. Ortiz, "CCI" at SATF; and (4) Tim D. Oc, "Committee AW" at SATF. (*Id.* at 1-2).

In his complaint, Plaintiff presents claims pursuant to a list of constitutional amendments, federal laws and statutes, and miscellaneous legal cases and theories. (*Id.* at 3-13). The complaint is difficult to decipher, in that, Plaintiff goes from presenting his allegations and claims seemingly through a letter to an unidentified "Committee," to then stating various cases and theories or policies that he purports support his claims. (*Id.*). To the extent the Court understands Plaintiff's allegations, it appears the incident giving rise to his claims occurred on July 16, 2026. (*Id.* at 10).

Plaintiff alleges that he is disabled and that Defendant Ortiz was somehow involved in a July 16, 2026 incident that resulted in Plaintiff being taken to the emergency room at a local hospital. (*Id.* at 3). Plaintiff seems to assert that he suffered disability discrimination under the Americans with Disabilities Act ("ADA") and was subjected to retaliatory RVRs and "adverse actions."

Plaintiff seeks "dismissal of all current and previous adverse actions…[including] findings to RVR discipline…." (*Id.* at 14). Plaintiff also seeks $986,000 to be placed in a "training educational fund" and $1,000,000 in punitive damages, $900,000 in treatment for post-traumatic stress disorder, as well as other damages. (*Id.*).

While Plaintiff includes the words "emergency injunctive relief" and "declaratory relief" in his complaint caption, Plaintiff does not request specific emergency or declaratory relief in his complaint. (*Id.*).

## III. DUPLICATIVE ACTION[1]

### *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS

On July 20, 2026, Plaintiff filed a complaint commencing the action *Cannavan v.*

[1] The court further notes that Plaintiff filed nearly twenty other cases in the last three weeks that may also be duplicative of *Cannavan I*. *See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06048-FJS; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

*Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I").* (ECF No. 1). In the *Cannavan I* complaint, Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) CDCR Division of Adult Services; (3) Jeff Macomber; and (4) A. Lamas. (*Id.* at 2-3).

Plaintiff again provides a list of constitutional amendments, federal laws and statutes, and case law and theories. The complaint asserts the same claims related to the July 16, 2026 incident, including violation of the ADA, retaliatory RVRs and adverse actions, and various state law violations. The complaint also includes the same Defendant Newsom.

The only factual allegations presented by Plaintiff relate to the July 16, 2026, incident where Plaintiff alleges that Defendant Llamas removed the wheelchair leg supports from his wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. (*Id.* at 5). Plaintiff also alleges that he filed grievances and was "disciplined" and suffered "retribution by RVR stacking." (*Id.* at 6).

As for relief, Plaintiff seeks the establishment of a training fund, along with $836,000 in punitive damages, and an unidentified declaratory judgment with unspecified injunctive relief. (*Id.* at 5).

## IV. LEGAL STANDARDS

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."

*Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

## V. ANALYSIS

Based on review of the complaint filed in the instant action, as well as the complaint in *Cannavan I*, the Court believes the instant action is duplicative.

The allegations in the complaint in *Cannavan I* relate to the July 16, 2026 wheelchair incident, RVR retaliation and "adverse action," and ADA discrimination that are asserted in the complaint filed in the instant action. In both cases, Plaintiff alleges that on July 16, 2026, he was injured and experienced ADA discrimination and then suffered retaliation for filing grievances. Plaintiff seeks the same relief of an educational fund, along with similar amounts of punitive damages, and unspecified declaratory and injunctive relief.

Although Plaintiff names Defendants Captain Frazier, T. Ortiz, and Tim D. Oc, in this action, his only alleged facts name Defendant Ortiz and relate to the same claims in *Caravan I*. To the extent Plaintiff believes he may state a claim against Defendants Frazier, Ortiz, and Oc that is also related to the July 16, 2026, wheelchair incident or alleged RVR retaliation, Plaintiff should raise those claims in *Cannavan I*, rather than attempting to bring a separate action. Moreover, the Court notes that Plaintiff does not include any factual allegations regarding Defendants Frazier and Tim D. Oc. (*See* ECF No. 1).

Thus, it appears that Plaintiff has filed the same claims in this District on two occasions, which would make this an improperly filed duplicative lawsuit.

## VI. CONCLUSION AND ORDER

As explained above, it appears that Plaintiff's case is duplicative of his earlier-filed case, *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS. However, Plaintiff will be given an opportunity to explain why his case should not be dismissed.

\\\

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to assign a District Judge to this case.
2. Within fourteen (14) days of being served with a copy of this order, Plaintiff file a statement in writing to show cause why this case should not be dismissed as duplicative of *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS.[2]
3. If Plaintiff fails to respond to this order, this case may be dismissed.

IT IS SO ORDERED.

Dated: **August 12, 2026** /s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE

[2] Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this instant case (1:26-cv-6291-EPG) under Federal Rule of Civil Procedure 41(a)(1)(A)(i).