UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>NEWSOM, *et al.*<br>Defendants. | No. 1:26-cv-06291-EPG<br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE<br>(ECF Nos. 1, 9)<br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR JOINDER AND FOR INJUNCTIVE RELIEF<br>(ECF Nos. 10)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Patrick A. Cannavan is a state prisoner (prisoner # BN-5236) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on August 10, 2026. (*Id.*). Plaintiff's complaint puts forth a variety of allegations all stemming from a July 16, 2026 incident and retaliatory disciplinary hearings. (*See id.*).

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are duplicative of an earlier lawsuit filed on July 20, 2026, *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I*"). For the reasons stated below, the Court will recommend that this case be dismissed as duplicative. The Court will also recommend that Plaintiff's motions for permissive joinder and injunctive relief be denied.

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) on these same bases.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint commencing this action on August 10, 2026. (ECF No. 1). In his complaint, Plaintiff names four defendants: (1) Governor Gavin Newsom; (2) C. Frazier, captain at Substance Abuse Treatment Facility ("SATF") in Corcoran, California; (3) T. Ortiz, "CCI" at SATF; and (4) Tim D. Oc, "Committee AW" at SATF. (*Id.* at 1-2).

In his complaint, Plaintiff presents claims pursuant to a list of constitutional amendments, federal laws and statutes, and miscellaneous legal cases and theories. (*Id.* at 3-13). The complaint is difficult to decipher, in that, Plaintiff goes from presenting his allegations and claims seemingly through a letter to an unidentified "Committee," to then stating various cases and theories or policies that he purports support his claims. (*Id.*). To the extent the Court understands Plaintiff's allegations, it appears the incident giving rise to his claims occurred on July 16, 2026. (*Id.* at 10).

Plaintiff alleges that he is disabled and that Defendant Ortiz was somehow involved in a July 16, 2026 incident that resulted in Plaintiff being taken to the emergency room at a local hospital. (*Id.* at 3). Plaintiff seems to assert that he suffered disability discrimination under the Americans with Disabilities Act ("ADA") and was subjected to retaliatory RVRs and "adverse actions." (*Id.* at 3, 7).

Plaintiff seeks "dismissal of all current and previous adverse actions…[including] findings to RVR discipline…." (*Id.* at 14). Plaintiff also seeks $986,000 to be placed in a "training educational fund" and $1,000,000 in punitive damages, $900,000 in treatment for post-traumatic stress disorder, as well as other damages. (*Id.*).

\\\

## III. DUPLICATIVE ACTION[1]

### A. *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS

On July 20, 2026, Plaintiff filed a complaint commencing the action *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I").* (ECF No. 1). In the *Cannavan I* complaint, Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) CDCR Division of Adult Services; (3) Jeff Macomber; and (4) A. Lamas. (*Id.* at 2-3).

Plaintiff again provides a list of constitutional amendments, federal laws and statutes, and case law and theories. The complaint asserts the same claims related to the July 16, 2026 incident, including violation of the ADA, retaliatory RVRs and adverse actions, and various state law violations. The complaint also includes the same Defendant Newsom.

The only factual allegations presented by Plaintiff relate to the July 16, 2026 incident where Plaintiff alleges that Defendant Llamas removed the wheelchair leg supports from his wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. (*Id.* at 5). Plaintiff also alleges that he filed grievances and was "disciplined" and suffered "retribution by RVR stacking." (*Id.* at 6).

As for relief, Plaintiff seeks the establishment of a training fund, along with $836,000 in punitive damages and an unidentified declaratory judgment with unspecified injunctive relief. (*Id.* at 5).

### B. Order to Show Cause

On August 12, 2026, after conducting an initial review of the underlying complaint, the Court issued an order to show why this case should not be dismissed as duplicative of *Cannavan I.* (ECF No. 9).

Plaintiff filed a response on August 21, 2026, which he titled Emergency Injunction Declaratory Objections to Magistrate Judge's Findings Cases are All Related, All Persons Acted with Adverse Actions within a Single Event as Notated. (ECF No. 10). Plaintiff reiterates his

---

[1] The court further notes that Plaintiff filed over twenty other cases that may also be duplicative of *Cannavan I. See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06048-FJS; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

factual allegations from the July 16, 2026 incident and then lists twenty-nine separate lawsuits, including *Cannavan I* and this action, and states that "all Defendants took part in a multitude of protected right (conduct) violations" on July 16, 2026. (*Id.* at 3-6). Plaintiff does not dispute that the instant complaint is duplicative of *Cannavan I* but states that "Plaintiff understood the instructions of this Court, in order to prevent the by-passing of fees, each case to be brought on each party as: 1) a group, 2) then each individual participant state proxy; 3) then under Federal Rule 20 Permissive Joinder of Parties could be or would be "joindered." (*Id.* at 7).

Plaintiff then seems to ask the Court to consolidate his lawsuits through permissive joinder under Rule 20 of the Federal Rules of Civil Procedure.

Finally, in his response to the order to show cause, Plaintiff also includes a request for injunctive relief seeking a court order directed to unknown persons and requiring:

> …return of "All" confiscated personal belongings, including personal hygiene and grooming tools, TV, lights (partly blind 20/200) aids to my ADA support, JME computer, with declaratory relief of stopping all current punishment, cleanse all RVRs from C-file, a full scope declaratory relief review of all 602 grievances, RVRs, medical records, in the best-evidence development by this Court and reasonable accommodation requests.

(*Id.* at 7). Plaintiff provides no further argument or explanation concerning his request for injunctive relief.

## IV. LEGAL STANDARDS

### A. Duplicative Lawsuits

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**B. Permissive Joinder**

In its discretion, a court may allow permissive joinder under Federal Rule of Civil Procedure 20, which states in relevant part:

> (a) Persons Who May Join or Be Joined.
>
> …
>
> (2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

> The first prong requires "factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). The second prong requires more than "merely alleg[ing] that Defendants violated the same laws in comparable ways," and will not be met where the new claims plaintiff asserts "each require particularized factual analysis." *Id.* (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997)). Even if the requirements of Rule 20(a) are met, district courts "must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). "This is because Rule 20 ... is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. It is therefore within the district court's inherent power to deny joinder if it would undermine the orderly and expeditious disposition of the case." *Id.* at 134 (9th Cir. 2025) (internal quotations and citations omitted).

*Medley v. Pfitzer*, No. 2:22-CV-00227 DJC SCR P, 2026 WL 114284, at *2 (E.D. Cal. Jan. 15, 2026), *report and recommendation adopted,* No. 2:22-CV-00227 DJC SCR P, 2026 WL 792542 (E.D. Cal. Mar. 20, 2026).

**C. Injunctive Relief**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for a temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (citation and quotation marks omitted).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,

and is the least intrusive means necessary to correct the violation of the Federal Right."

## V. ANALYSIS

### A. Duplicative Lawsuit

With these standards in mind and Plaintiff's admissions, the Court finds that the instant action is duplicative.

The allegations in the complaint in *Cannavan I* relate to the July 16, 2026 wheelchair incident, RVR retaliation and "adverse action," and ADA discrimination that are asserted in the complaint filed in the instant action. In both cases, Plaintiff alleges that on July 16, 2026, he was injured, experienced ADA discrimination, and then suffered retaliation for filing grievances. Plaintiff seeks the same relief of an educational fund, along with similar amounts of punitive damages, and unspecified declaratory and injunctive relief.

Although Plaintiff names Defendants Captain Frazier, T. Ortiz, and Tim D. Oc, in this action, his only alleged facts name Defendant Ortiz and relate to the same claims in *Caravan I*. To the extent Plaintiff believes he may state a claim against Defendants Frazier, Ortiz, and Oc that is also related to the July 16, 2026, wheelchair incident or alleged RVR retaliation, Plaintiff should raise those claims in *Cannavan I*, rather than attempting to bring a separate action. Moreover, the Court notes that Plaintiff does not include any factual allegations regarding Defendants Frazier and Tim D. Oc. (*See* ECF No. 1).

Thus, it appears that Plaintiff has filed the same claims in this District on two occasions, which would make this an improperly filed duplicative lawsuit. The Court will recommend that this action be dismissed as duplicative. (ECF No. 1).

### B. Plaintiff's Request for Joinder

In his response to the Court's order to show cause, Plaintiff acknowledges that this action and *Cannavan I* are related to the same July 16, 2026 incident but asks the Court to consolidate the actions through permissive joinder under Rule 20 of the Federal Rules of Civil Procedure. (ECF No. 10 at 8). However, Rule 20 is not the proper mechanism to consolidate entire cases into a single action. Fed. R. Civ. P. 20(a). Rather, Rule 20 allows a plaintiff to add a defendant into a particular lawsuit if the requirements above are met and the court exercises its discretion to allow joinder of the defendant.

Accordingly, the Court recommends denying Plaintiff's request for joinder under Rule 20. (ECF No. 10).

**C. Motion for Injunctive Relief**

In his response to the Court's order to show cause why this case should not be dismissed, Plaintiff states that he has filed 512 grievances and asks the Court for an order that certain personal property be returned, his disciplinary reports removed from his prison file, and "full scope declaratory relief review of all…grievances, RVRs, medical records…and reasonable accommodation requests." (ECF No. 10 at 1, 7). Plaintiff also seeks an order preventing him from being transferred out of his current facility. (*Id.* at 8).

The Court will recommend that Plaintiff's motions be denied because he has not met the high burden for obtaining a preliminary injunction.

Since the Court is recommending the case be dismissed as duplicative, Plaintiff has not shown that he is likely to succeed on the merits of his complaint or that the balance of equities tips in his favor.

Plaintiff also has not shown that he would suffer irreparable harm in the absence of preliminary relief. Rather, Plaintiff confirmed that he has access to the grievance process for the return of his property, for any dispute about discipline he has received, or for any concern about his transfer assignment. He also has not alleged that he has actually been assigned to a different prison.

Further, Plaintiff makes no argument that injunctive relief is in the public interest.

Finally, Plaintiff seeks 1) return of personal items, 2) "cleansing" his disciplinary record, 3) Court review of 512 grievances, along with countless pages of medical records, and 4) a court order about where he should be housed. Plaintiff has not shown a sufficient nexus between these issues raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself describing his fall from his wheelchair on July 16, 2026. *Pacific Radiation Oncology, LLC*, 810 F.3d at 636.

Accordingly, the Court recommends denying Plaintiff's motion seeking injunctive relief. (ECF No. 10).

\\\

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be DISMISSED as duplicative of *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS.
2. Plaintiff's request for permissive joinder under Federal Rule of Civil Procedure 20 be DENIED (ECF No. 10).
3. Plaintiff's motion for injunctive relief be DENIED (ECF No. 10).
4. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE